**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JESUS RIOS-ZAMORA,

      Defendant - Appellant.

No. 14-3245
(D. Kansas)
(Nos. 2:14-CV-02176-CM and
2:12-CR-20085-CM-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Defendant Jesus Rios-Zamora seeks a certificate of appealability (COA) to appeal the district court's denial of his motion for relief under 28 U.S.C. § 2225. *See* 28 U.S.C. 2255(c)(1)(B) (requiring a COA to appeal denial of a § 2255 motion). We deny a COA and dismiss the appeal.

Defendant pleaded guilty to illegal reentry following deportation after a conviction for an aggravated felony. *See* 8 U.S.C. § 1326(a). In computing his guidelines sentencing range, the district court applied a 16-level enhancement because Defendant had previously been deported following a conviction for a felony crime of violence. *See* USSG § 2L1.2(b)(1)(A)(ii). The court sentenced him to 70 months' imprisonment.

Defendant's § 2255 motion raised a single claim: that his trial counsel was ineffective for failing to challenge the crime-of-violence sentencing enhancement because his prior conviction was not for a crime of violence. The district court denied Defendant's motion and declined to issue a COA.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

The conviction on which Defendant's sentence enhancement was based was a conviction for violating the Kansas aggravated-battery statute, Kan. Stat. Ann. § 21-3414(a). Our opinion in *United States v. Treto-Martinez*, 421 F.3d 1156, 1158–59 (10th Cir. 2005), makes clear that any conviction under that statute satisfies the guidelines definition of a conviction for a crime of violence. Because the sentencing court correctly applied the enhancement, counsel could not have been ineffective for failing to argue the contrary. *See Cannon v. Mullin*, 383 F.3d 1152, 1177 (10th Cir. 2004). No reasonable jurist could debate the denial of Defendant's § 2255 motion.

We DENY Defendant's request for a COA and dismiss the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge